## AFFIDAVIT OF SPECIAL AGENT JAMES KECZKEMETHY IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, James Keczkemethy, state:

### *INTRODUCTION AND AGENT BACKGROUND*

1.   I am a Special Agent of the Drug Enforcement Administration (DEA) and have been so employed since October 2017.  As a DEA Special Agent, I am authorized to investigate violations of the laws of the United States, including violations of federal narcotics laws in Title 21 of the United States Code.  I am also a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant.  Prior to my employment with DEA, I was a police officer in Hartford, Connecticut, for more than six years and was responsible for enforcing State of Connecticut motor vehicle and criminal laws, including narcotic violations.

2.   During my law enforcement career, I have participated in numerous investigations and arrests involving violations of state and federal controlled substances laws, including Title 21, United States Code, Sections 841 and 846.  Many of those investigations resulted in arrests, indictments, and convictions for violations of drug laws and/or other criminal offenses, the seizure of drugs, money, and vehicles, and the forfeiture of personal property. My investigations have included the use of surveillance techniques, tracking warrants, and the execution of search, seizure, and arrest warrants.  I have participated in various aspects of narcotics investigations, including controlled and undercover purchases.  Based on my training and experience, I am familiar with the appearance, packaging, and texture of many controlled substances.

3.   During my career in law enforcement, I have received training and gained

1

experience related to a variety of criminal activities. In the course of my training and experience, I have become familiar with the methods and techniques associated with the distribution of narcotics, the laundering of drug proceeds and the organization of drug trafficking conspiracies. I have participated in all aspects of drug investigations, including Title III wiretaps, physical surveillance, surveillance of undercover transactions, the introduction of undercover agents, the execution of search warrants, the effecting of arrests, and debriefings of defendants, informants and witnesses who had personal knowledge regarding major narcotics trafficking organizations. I have also reviewed recorded conversations and telephone, financial, and drug records. Through my training and experience, I have become familiar with the manner in which illegal drugs are imported, transported, stored, and distributed, and the methods of payment for such drugs. I have also become familiar with the manner in which narcotics organizations utilize various forms of violence and intimidation in furtherance of their narcotics trafficking activity, to protect their operations, members, narcotics, and narcotics proceeds.

4.      I am currently investigating Vimoon SORTSOY for distribution and possession with intent to distribute controlled substances and conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841, 846.

5.      This affidavit is being submitted in support of an application for a warrant to search a gray Infinity bearing MA license plate number 4AV213 (the "Infinity"), driven by SORTSOY immediately prior to his arrest on February 3, 2021, conducted pursuant to an arrest warrant issued by this Court on January 27, 2021, currently parked in the driveway of 80 Canton St., Lowell, MA, as described in Attachment A. I further state there is probable cause to believe that it contains evidence, fruits, and instrumentalities of the crimes listed above, as described in Attachment B.

6.     The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to demonstrate that there is probable cause for the requested search warrant and does not set forth all of my knowledge about this matter.

## *PROBABLE CAUSE TO BELIEVE THAT A FEDERAL CRIME WAS COMMITTED*

### Investigation Background

7.     Since approximately September 2019, I have participated in the investigation of SORTSOY for distribution and possession with intent to distribute controlled substances and conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841, 846.

8.     During the course of the investigation, investigators have conducted numerous controlled purchases of narcotics from SORTSOY.

   a.     During each controlled purchase, investigators used a cooperating witness ("CW")[1] to conduct the controlled transaction from SORTSOY. After discussing logistics of the transaction, such as quantity, type, and price of narcotics to be purchased, SORTSOY directed CW to various pre-arranged meeting locations in Lowell, MA to conduct the transaction. Before each meeting, agents met with CW and searched CW's person for contraband with negative results. CW was equipped with a recording device that recorded both audio and video, as well as official government funds to conduct the transaction. Following each meeting, agents picked up CW and searched CW for

---

[1] CW has one charge of malicious destruction of property that was continued without a finding and ultimately dismissed. CW is cooperating with law enforcement in exchange for monetary payments and agreement to defer possible federal charges. The information provided by CW has been verified to the extent possible and he/she is considered reliable.

3

contraband with negative results, and CW turned over a plastic bag containing narcotics.

  b.  During two of the above-described controlled purchases, conducted on November 14, 2019 and February 11, 2020, surveilling investigators observed a gray Infinity bearing MA Reg. 4AV213 enter the pre-arranged meeting location and observed CW enter the Infinity. While in the Infinity, CW and SORTSOY exchanged money for narcotics.

9. Based on my review of vehicle registration records, I am aware that SORTSOY is one of two listed owners of the Infinity.

10. The Infinity is registered to Vimoon SORTSOY, DOB xx/xx/1992, and Bounpheng SORTSOY, DOB xx/xx/1955, both of 80 Canton St. #2, Lowell, MA 01851.

11. On January 27, 2021, a grand jury returned an indictment charging SORTSOY with conspiracy to distribute and to possess with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C §§ 846, 841(b)(1)(B)(viii). That same day, this Court issued an arrest warrant for SORTSOY. *See United States of America v. Vimoon Sortsoy,* 21-CR-10031, ECF No. 1.

<u>February 3, 2021 Arrest of SORTSOY</u>

12. On February 3, 2021, I participated in the execution of the above-described arrest warrant for SORTSOY.

13. I observed a gray Infinity bearing MA Reg. 4AV213 driving in Lowell, MA. Simultaneously, another investigator observed SORTSOY to be the operator and sole occupant of the Infinity.

14. I observed the Infinity turn into and park in the driveway of 80 Canton St., Lowell, MA. - I know this to be the known residence of SORTSOY.

15. SORTSOY stepped out of the Infinity and I approached him, arrested him pursuant to the above-described arrest warrant, and provided him his *Miranda* rights.

16. While the driver's-side door of the Infinity was open, I observed in the center console an orange or red-colored bottle that appeared consistent with a codeine packaging. I know that codeine is a controlled substance. I asked SORTSOY if he had a prescription for codeine. SORTSOY replied that he did not. I seized the bottle, which had a label indicating "PROMETHAZINE/CODEI SOL" and the name "DEVONE, ANDRE."

### *PROBABLE CAUSE TO BELIEVE THE VEHICLE CONTAINS EVIDENCE, FRUITS, AND INSTRUMENTALITIES*

17. Based on the information I have obtained during the course of this investigation, and for the reasons more specifically set forth above, I submit that there is probable cause to believe that the Infinity to be searched contains fruits, evidence, and instrumentalities of violations of the federal statutes listed above, as described in Attachment B.

## CONCLUSION

18. Based on the information described above, I have probable cause to believe that evidence, fruits, and instrumentalities of these crimes, as described in Attachment B, are contained within the Infinity currently parked in the driveway of 80 Canton St., Lowell, MA, bearing MA Reg. 4AV213, described in Attachment A. Accordingly, I respectfully request that a search warrant be issued for the seizure of these items in the subject areas described.

Signed and sworn to via telephone in accordance with Federal Rule of Criminal Procedure 4.1 on February 3, 2021.

_____
Special Agent James Keczkemethy
Drug Enforcement Administration

Electronically subscribed and telephonically sworn in accordance with Federal Rule of Criminal Procedure 4.1 this 3 day of February, 2021.

_____
HON. JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE



**ATTACHMENT A**

**DESCRIPTION OF THE VEHICLE TO BE SEARCHED**

A gray Infinity bearing MA license plate number 4AV213, currently parked in the driveway of 80 Canton St., Lowell, MA.

## ATTACHMENT B

## ITEMS TO BE SEIZED

I.      All records, in whatever form, and tangible objects that constitute evidence, fruits, or instrumentalities of violations of 21 U.S.C. §§ 841 and 846, including:

    A.    Records and tangible objects pertaining to drug dealing;

    B.    Records and tangible objects pertaining to the payment, receipt, transfer, or storage of money or other things of value by SORTSOY, including, without limitation:

        1.    Drug ledgers or pay-owe sheets, lists of drug customers and drug suppliers, books, papers or notes containing names, addresses, telephone numbers of drug customers and drug suppliers, and receipts relating to narcotics trafficking;

        2.    Bank, credit union, investment, money transfer, and other financial accounts;

        3.    Credit and debit card accounts;

        4.    Tax statements and returns;

        5.    Business or personal expenses;

        6.    Income, whether from wages or investments;

        7.    Loans; and

        8.    Cash;

    C.    Records and tangible objects pertaining to the travel or whereabouts of SORTSOY between September 2019 and August 2020;

D. Records and tangible objects pertaining to the existence, identity, and travel of any co-conspirators, as well as any co-conspirators' acts taken in furtherance of the crimes listed above;

E. For any computer hardware, computer software, mobile phones, or storage media called for by this warrant or that might contain things otherwise called for by this warrant ("the computer equipment"):

1. evidence of who used, owned, or controlled the computer equipment;

2. evidence of the presence or absence of malicious software that would allow others to control the items, and evidence of the presence or absence of security software designed to detect malicious software;

3. evidence of the attachment of other computer hardware or storage media;

4. evidence of counter-forensic programs and associated data that are designed to eliminate data;

5. evidence of when the computer equipment was used;

6. passwords, encryption keys, and other access devices that may be necessary to access the computer equipment;

       7.   records and tangible objects pertaining to accounts held with companies providing Internet access or remote storage; and

F.   Records and tangible objects relating to the ownership, occupancy, or use of the vehicle to be searched (such as photographs, insurance documentation, receipts and check registers);

II. All computer hardware, computer software, and storage media. Off-site searching of these items shall be limited to searching for the items described in paragraph I.

III. Controlled substances, and materials, equipment and paraphernalia associated with the manufacturing, ordering, possession, purchase, storage, distribution, and/or transportation of controlled substances, including, but not limited to, packaging materials, storage bins, containers, cutting agents, scales, and cellular telephones used to communicate with drug associates;

IV. Photographs of individuals, property, and/or illegal controlled substances; and

V. Items showing unexplained wealth or evidencing the proceeds derived from illicit drug trafficking, including but not limited to large sums of money, financial instruments, precious metals, jewelry, and documents evidencing the procuring or leasing of these items.

**DEFINITIONS**

For the purpose of this warrant:

A. "Computer equipment" means any computer hardware, computer software, mobile phone, storage media, and data.

B. "Computer hardware" means any electronic device capable of data processing (such as a computer, smartphone, cell/mobile phone, or wireless communication device); any peripheral input/output device (such as a keyboard, printer, scanner, monitor, and drive intended for removable storage media); any related communication device (such as a router, wireless card, modem, cable, and any connections), and any security device, (such as electronic data security hardware and physical locks and keys).

C. "Computer software" means any program, program code, information or data stored in any form (such as an operating system, application, utility, communication and data security software; a log, history or backup file; an encryption code; a user name; or a password), whether stored deliberately, inadvertently, or automatically.

D. "Storage media" means any media capable of collecting, storing, retrieving, or transmitting data (such as a hard drive, CD, DVD, or memory card).

E. "Data" means all information stored on storage media of any form in any storage format and for any purpose.

F. "A record" is any communication, representation, information or data. A "record" may be comprised of letters, numbers, pictures, sounds or symbols.

## RETURN OF SEIZED COMPUTER EQUIPMENT

If the owner of the seized computer equipment requests that it be returned, the government will attempt to do so, under the terms set forth below. If, after inspecting the seized computer equipment, the government determines that some or all of this equipment does not contain contraband or the passwords, account information, or personally-identifying information of victims, and the original is no longer necessary to retrieve and preserve as evidence, fruits or instrumentalities of a crime, the equipment will be returned within a reasonable time, if the party seeking return will stipulate to a forensic copy's authenticity (but not necessarily relevancy or admissibility) for evidentiary purposes.

If computer equipment cannot be returned, agents will make available to the computer system's owner, within a reasonable time period after the execution of the warrant, copies of files that do not contain or constitute contraband; passwords, account information, or personally-identifying information of victims; or the fruits or instrumentalities of crime.

For purposes of authentication at trial, the Government is authorized to retain a digital copy of all computer equipment seized pursuant to this warrant for as long as is necessary for authentication purposes.